# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI WESTERN DIVISION

| | |
|---|---|
| REGINALD BANKSTON, Individually and as Administrator of the Estate of Ilene Bankston, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER, INC. f/k/a JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; LTL MANAGEMENT, LLC; JOHNSON & JOHNSON HOLDCO (NA), INC.; JANSSEN PHARMACEUTICALS, INC.; KENVUE, INC.; and JOHN DOES 1-10; and JOHN DOE CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No. 5:24-cv-3-KHJ-BWR<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS JOHNSON & JOHNSON, LTL MANAGEMENT, LLC n/k/a LLT MANAGEMENT, LLC, JOHNSON & JOHNSON HOLDCO (NA), INC., JANSSEN PHARMACEUTICALS, INC., AND KENVUE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson, Johnson & Johnson Holdco (NA), Inc., Janssen Pharmaceuticals, Inc., Kenvue Inc., and LTL Management, LLC n/k/a LLT Management, LLC[1] (collectively, Defendants"), timely remove this action titled *Reginald Bankston, Individually and*

---

[1] Plaintiff asserts causes of action against Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. In 2021, Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies Inc. ("Old JJCI") implemented a corporate restructuring and, as a result, Old JJCI ceased to exist and two new entities were created, one of which is LTL Management, LLC n/k/a LLT Management, LLC ("LTL"). LTL is responsible for all cosmetic talc-related claims asserted against Old JJCI, Johnson & Johnson, or any of their

as Administrator of the Estate of Ilene Bankston, Deceased v. Johnson & Johnson, et al. from the Circuit Court of Amite County, State of Mississippi, to the United States District Court for the Southern District of Mississippi.² This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, et seq. Complete diversity of citizenship exists between the Plaintiff and the Defendants, and it is evident from Plaintiff's Complaint ("Compl.") that the amount in controversy exceeds $75,000, exclusive of interest and costs.

This case is one of a large number of cases pending in federal courts around the country in which plaintiffs allege that the use of talc products caused their ovarian cancer. On October 4, 2016, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2738, *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, before Judge Michael A. Shipp in the United States District Court for the District of New Jersey, to coordinate these cases. Defendants intend to seek the transfer of this action to that proceeding, and will shortly provide the MDL Panel notice of this action pursuant to the "tag along" procedure outlined in the MDL rules.

In support of removal, Defendants further state as follows:

I.  **INTRODUCTION**

1. On September 7, 2023, Plaintiff Reginald Bankston, citizen of Mississippi, filed a lawsuit in Amite County, State of Mississippi, titled *Reginald Bankston, Individually and as*

---

affiliates (excluding talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws).

² By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state of federal law. Defendants expressly reserve the right to move for dismissal of all of Plaintiff's claims and/or seek dismissal on lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other applicable grounds.

*Administrator of the Estate of Ilene Bankston, Deceased v. Johnson & Johnson, et al.*, Cause No. 23-CV-112-D. *See* Compl., attached hereto as part of **Exhibit A**.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Uniform Civil rule 5(b), a copy of all process and pleadings served on Defendants is appended as **Exhibit A**. Additionally, a certified copy of the full state court record is appended as **Exhibit B**.

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441(a), (b)(2).

### A.  There is Complete Diversity of Citizenship Between Plaintiff and the Defendants.

5. Plaintiff Reginald Bankston is a citizen of the State of Mississippi. Compl. ¶ 2. Decedent Ilene Bankston was also a citizen of the State of Mississippi. *Id.* ¶ 22.

6. Defendant Johnson & Johnson is and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Compl. ¶ 4. Accordingly, for purposes of diversity jurisdiction, it is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business . . . .").

3

7. Defendant Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc., is not an existing entity. At the time Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc. was in existence, it was a corporation organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. Compl. ¶ 6. Accordingly, for purposes of diversity jurisdiction, it was a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

8. Defendant LTL Management, LLC n/k/a LLT Management, LLC ("LTL") is, and was at the time Plaintiff commenced this action, a limited liability company whose sole member is a citizen of the State of New Jersey. Compl. ¶ 10. LTL is therefore a citizen of the State of New Jersey for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."). LTL principal place of business is and was in the State of New Jersey.

9. Defendant Johnson & Johnson Holdco (NA), Inc. is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Compl. ¶ 11. Accordingly, for purposes of diversity jurisdiction, it is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Janssen Pharmaceuticals, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New Jersey. Compl. ¶ 12. Accordingly, for purposes of diversity jurisdiction, it is a citizen of Pennsylvania and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Kenvue Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Compl. ¶ 13. Accordingly, for purposes of diversity jurisdiction, it is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1)

### B. The Amount in Controversy Requirement is Satisfied.

12. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs.

13. Plaintiff asserts a personal injury lawsuit—a claim typically associated with significant damages. Moreover, Plaintiff alleges that decedent, Ilene Bankston, suffered from ovarian cancer as a result of her usage of talcum powder products, and eventually passed away from her ovarian cancer. Plaintiff brings claims individually, as well as on behalf of decedent's estate. It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 67 (5th Cir. 2010) (holding that it is facially apparent that claim satisfies the amount in controversy requirement in wrongful death claim where plaintiffs allege damages for personal injuries, mental pain and suffering, and loss of consortium); *see also, In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2010) (finding allegations of permanent injuries, physical, mental, and emotional pain and suffering, loss of income and earning capacity, and punitive damages based on injuries from prescription medication met the jurisdictional threshold).

14. Further, it is apparent from the Complaint that the amount in controversy exceeds $75,000 because Plaintiff seeks punitive damages, *see* Compl. Count IX, and "[f]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is

deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007). As such, even without the claims for actual and compensatory damages, Plaintiff's claim for punitive damages in and of itself establishes the requisite amount in controversy.

15. It is therefore plain that Plaintiff seeks an amount in excess of $75,000 exclusive of interest and costs.

### III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. The Circuit Court for the County of Amite, State of Mississippi, is located within the Southern District of Mississippi and venue for this action is proper in this Court because the Southern District of Mississippi, Western Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents served on Defendants is appended as **Exhibit A**. Additionally, a certified copy of the entire state court record in the Circuit Court of Amite County, State of Mississippi, is attached as **Exhibit B**. Moreover, with the filing of this Notice of Removal, Defendants are paying the prescribed filing fee, filing proof of filing the Notice with the Clerk of the State Court along with proof of service on all adverse parties, and complying with all local rules.

18. Defendants Johnson & Johnson; LTL Management, LLC n/k/a LLT Management, LLC; Johnson & Johnson Holdco (NA), Inc.; and Kenvue Inc. were served on December 7, 2023. Johnson & Johnson Consumer Inc. f/k/a Johnson & Johnson Consumer Companies, Inc.

was purportedly served on December 7, 2023.[3] Defendant Janssen Pharmaceuticals, Inc. has not yet been served.

19. Therefore, Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

20. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and request oral argument in support of removal.

## IV.  CONCLUSION

Because there is complete diversity between Plaintiff and Defendants, removal of this case is proper. Notice is hereby given that Defendants remove this case, styled titled *Reginald Bankston, Individually and as Administrator of the Estate of Ilene Bankston, Deceased v. Johnson & Johnson, et al.*, Cause No. 23-CV-112-D, from the Circuit Court of Amite County, State of Mississippi, to the United States District Court for the Southern District of Mississippi.

This the 4th day of January, 2024.

Respectfully submitted,

By:   /s/ Meade W. Mitchell
Meade W. Mitchell (MB #9649)
Kasey Mitchell Adams (MB #105025)

*Counsel for Defendants Johnson & Johnson; LTL Management, LLC n/k/a LLT Management, LLC; Johnson & Johnson Holdco (NA), Inc.; Janssen Pharmaceuticals, Inc.; and Kenvue Inc.*

---

[3]   As noted above, Old JJCI has ceased to exist and LTL is responsible for all cosmetic talc-related claims asserted against Old JJCI.

OF COUNSEL:

MEADE W. MITCHELL (MB #9649)
KASEY MITCHELL ADAMS (MB #105025)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010 (39158)
Tel:  601-948-5711
Fax:  601-985-4500
meade.mitchell@butlersnow.com
kasey.adams@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Bobby Moak
**Law Office of Bobby Moak, PC**
P.O. Box 242
Bogue Chitto, MS 39629
Telephone: (601) 668-4194
Email: bobbymoak402@att.net
*Attorneys for Plaintiff*

SO CERTIFIED, this the 4th day of January, 2024.

／s/ *Meade W. Mitchell*
MEADE W. MITCHELL